IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHUNAIL COBB**                                                                      **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:20-CV-173-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                  **DEFENDANT**

**MEMORANDUM OPINION AND FINAL JUDGMENT**

This cause is before the court on the plaintiff's complaint for judicial review of a partially favorable final decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, the applicable law and having heard oral argument, finds the decision of the Commissioner should be affirmed for the reasons set forth below.

The ALJ in this action found the plaintiff was not disabled from July 28, 2015, her alleged date of onset, through July 1, 2018. Before July 2018, the ALJ found Cobb's obesity was her only severe disorder but found she was limited to sedentary work with additional restrictions. Because the VE testified to jobs that were available based on the RFC, the ALJ found Cobb was not disabled.

After July 1, 2018, the ALJ found Cobb's obesity and bilateral osteoarthritis of the knees were severe impairments. Again, she found Cobb could only perform a limited range of sedentary work but added that Cobb would also need to use a cane to access her work area and would require two additional fifteen-minute breaks per day. When the VE testified no work existed for an individual with this RFC, the ALJ found Cobb was disabled from and after July 1, 2018.

The plaintiff's three assignments of error argue in different ways that Cobb should have been found disabled prior to the chosen date.

1. First, the plaintiff argues the ALJ erred in her Step Two determination of severe impairments. In an earlier denial, another ALJ decided Cobb had multiple severe impairments: severe asthma, degenerative joint disease of both knees, obstructive sleep apnea, generalized arthritis, a history of uterine fibroids, anemia, and obesity. That ALJ reportedly found Cobb could perform a full range of sedentary work.

The plaintiff urges the court to consider application of two acquiescence rulings, AR 98-3(6), based on *Dennard v. Secretary of Health and Human Services,* 907 F.2d 598 (6th Cir. 1990), and AR-98-4(6), based on *Drummond v. Secretary of Health and Human Services,* 126 F.3d 837 (6th Cir. 1997), both of which restrict the ability of an ALJ to change an earlier decided RFC. The plaintiff presents these acquiescence rulings as persuasive authority, conceding Fifth Circuit law is applicable to this case. The court cannot apply these rulings because they are not only inapplicable within the Fifth Circuit but contradicted by this circuit's law which holds that prior administrative decisions are not binding in a later action. *Muse v. Sullivan*, 925 F.2d 785, 791 n. 1 (5th Cir. 1991).

Alternatively, these acquiescence rulings do not aid the plaintiff, as they address limits on changes to an RFC between decisions, not changes in administrative determinations at Step 2. Furthermore, the plaintiff was not been prejudiced because, while the ALJ in this case found only one severe condition, she nevertheless assessed a more restrictive, less than sedentary RFC, compared to the "full range of sedentary" RFC reported in the earlier decision.

2. Next, the plaintiff argues the ALJ erred in rejecting the opinions of Dr. Timothy Callaghan, MD. Callaghan examined Cobb in April 2017. The ALJ discussed Callaghan's findings but gave them little weight because "he opined no specific functional limitations." Cobb argues that even without specific functional limitations, Callaghan's findings on his examination support her claim she was disabled earlier than the ALJ found. Alternatively, Cobb says the ALJ either should have recontacted Callaghan for a function-by-function report or ordered an additional CE.

The court finds nothing in Callaghan's report that is inconsistent with the limited, but non-disabling RFC, assessed by the ALJ. Callaghan's objective findings show Cobb certainly had some functional limits, just not necessarily disabling limits. Callaghan found Cobb had a limited range of motion in the lumbar spine with generalized tenderness in her neck, trapezius muscles and her middle and lower back. Callaghan also noted tenderness and stiffness in both knees, with a stiff, slow-moving gait and reduced deep tendon reflexes. But Callaghan also noted negative Drawer's test[1] and a negative McMurphy's test;[2] 5/5 upper and lower bilateral motor

---

[1] The negative Drawer's test meant she did not have any rupture of the cruciate ligaments.
[2] This is likely a reference to the McMurray test which is used to detect lateral and medical meniscus damage.

strength with no sign of atrophy; and normal sensory examination in all extremities. The bilateral negative Tinel's and Phalen's tests ruled out carpal tunnel syndrome. Callaghan included Cobb's report that she had been told she had bone-on-bone osteoarthritis, but no x-ray or MRI before July 2018 confirms this report. Callaghan characterized his exam findings as minimal, before consideration of Cobb's extreme obesity.

These findings are not inconsistent with the RFC assessed which was for a very limited range of sedentary work. The ALJ found Cobb could never climb ladders, ropes, or scaffolds and could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She was to avoid concentrated exposure to hazards including unprotected heights and unguarded machine moving parts. This court finds Callaghan's findings are not inconsistent with this limited RFC. Indeed as the government pointed out in oral argument, even had the ALJ given the report great or controlling weight, nothing in the first RFC would necessarily change.

The plaintiff also argued the ALJ should either have recontacted Callaghan for a function-by-function report or ordered a further consultative examination. The ALJ has discretion in determining whether the record needs further development and when a CE, at agency expense, is necessary. *Melvin v. Astrue,* 2010 WL 908495 (N.D. Miss. 2010) (citing 20 C.F.R. § 404.1517)). The ALJ did not abuse her discretion in declining to recontact Callaghan, because his findings do not contradict the assessed RFC. Given other extensive treatment records the court cannot find an abuse of discretion in not ordering an additional CE.

3. Finally, the plaintiff argues the ALJ should have recognized that Cobb was disabled before July 1, 2018 and her decision about the onset of disability is not supported by the record. The ALJ decided that Cobb was disabled based upon the medical records from Dr. Brandt, an orthopedic surgeon, who saw Cobb on July 13, 2019. On examination Cobb had an antalgic gait,

which is not the first time Cobb exhibited an abnormal gait, but, significantly, Brandt interpreted her right knee x-ray as showing "Severe knee osteoarthritis. Nearly bone on bone changes are noted." Aside from Cobb's uncorroborated hearsay statement, this is the first time this diagnosis appears in the record,

Brandt also told Cobb that because of her extreme obesity she was not a candidate for joint replacement surgery and recommended weight loss. He gave her injections in her knees and recommended anti-inflammatory medications. He also prescribed the use of a cane, something no earlier provider felt necessary.

It is not disputed that the plaintiff complained of knee pain before 2018. However, there were significant gaps in her treatment for that pain. The July 2018 x-ray is not the first to show some signs of arthritis and a degenerative process, but it is the first in the record showing severe osteoarthritis. By way of contrast, a May 2017 x-ray, shortly after Callaghan's examination, showed "relatively symmetric bilateral medial compartment osteoarthritis, *overall relative mild degree*." (R. p. 673).

The plaintiff notes, accurately, that the addition of the prescribed cane would not impact a sedentary RFC, and that no medical findings directly indicate the need for two additional work breaks per day. This "added breaks" restriction is what resulted in the disability determination. However, that the ALJ decided to include this restriction indicates to the court that the ALJ gave Cobb the benefit of any doubt when she assessed this RFC. Because the orthopedist's findings show a substantially worsened knee condition as of July 2018, the court finds the ALJ's determination of the onset dates is supported by substantial evidence.

**CONCLUSION**

The court finds that the decision to grant benefits only on and after July 1, 2018, is supported by substantial evidence. To reach a contrary opinion, the court would need to impermissibly reweigh the evidence and substitute its judgment for that of the ALJ. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). Accordingly, the court affirms the decision of the Commissioner.

**SO ORDERED and ADJUDGED**, this the 30th day of March, 2021.


/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**